The opinion of the Court was delivered by
Poems, J.
The defendant urges two errors to his prejudice, during the progress of his trial, under an indictment for murder:
1. He complains that he was forced to trial over his objection, without legal service on him of the full list of the jury which were to pass ou liis case.
2. He charges error to the ruling of the Judge, iu excluding the written testimony of a witness who liad testified in his behalf at the preliminary examination, and whose attendance could not be obtained at tiie trial by the jury.
1. The record shows, that a few days previous to the trial of this case, the court ordered the Jury Commissioners to draw forty additional jurors, to serve as talesmen for the third week of the term ; that the list of jurors thus drawn was served on the accused on the day of his trial only, and that after exhausting the regular panel, four of the jurors, thus drawn, were sworn and served in the jury which tried the case. The order of the Judge was predicated ou Section 7 of Act No. 44 of 1877, which reads as follows :
“ Whenever the District Judge thinks proper, he shall require the Jury Commission to draw additional jurors for service, either as regular jurors, or as talesmen, and they shall be summoned without delay, or within the time the said Judge requires ; but nothing' herein shall ho *1039 construed so as to limit the right of the Judge to order the summoning of talesmen from among the bystanders, or persons in proximity to the courthouse.”
The question presented is, therefore, whether the list of jurors drawn as talesmen, under the Section just quoted, is to be governed by Section 992 of tlie Revised Statutes, which imperatively requires, that in all cases where the punishment may be death, or imprisonment at hard labor for seven years or upwards, a list of the jurors which are to pass on the trial of the accused, shall be served on him at least two entire days before the trial.
As the title of Act No. 44 of 1877 contains no reference to Section 992, it is clear that tire legislator did not purport, as he could not constitutionally pretend, to amend that Section, which therefore remains in full force, and hence, the accused was entitled to legal service of the list or lists of jurors drawn, and which were to pass on his case. As the legislature had directed in other Sections of Act 44 of 1877, that the regular jury should be drawn at least fifty days previous to the next term of the court, the object in enacting Section 7 was to provide for the possibility of the need of additional jurors, which could not have been foreseen before the opening of the term, and previous to the action of the Grand Jury. Hence, the Judge, after considering the number and character of criminal cases to be tried, the number of the regular jurors, absent or not found, or excused, was vested with' the discretionary power to provide for the deficit by drawing additional of jurors or talesmen, without the delay prescribed for the drawing the regular panel.
But we see nothing in the enactment which excepts jurors, so drawn, from the operation of Section 992, R. S., which secures to the accused a valuable and very important right.
The fact that the jurors drawn under that Statute are designated as talesmen, does not assimilate them to the talesmen who are called from among the bystanders, a list of whom is not, and cannot be made in advance, and cannot, therefore, be served on the accused.
The very Section which authorizes the drawing of such jurors, expressly recognizes the wide difference between such talesmen jurors, and the talesmen from the bystanders, or persons in proximity to the courthouse. We think, therefore, that the District Judge erred in forcing the accused to trial, without legal service on him of the list of talesmen jurors which were to pass on his trial.
2. Tlie second bill of exceptions presented by the defendant shows, that at his preliminary examination, under the charge for which he was subsequently indicted and convicted of manslaughter, he introduced a witness who was shown to be afflicted with a disease of the *1040 lungs, incurable in its character, and who was a non-resident of the State; and that for those reasons, his counsel requested the District Judge to order his testimony to be taken down in writing and properly certified. The order was given, and the testimony in chief was ■written and duly certified; but his cross-examination was not written, on objections made thereto by the District Attorney.
At the trial, the witness was shown to be absent from the State, and to be in the State of Florida, where he resided; whereupon the accused offered his testimony, as written at the preliminary examination, which testimony was excluded on the objection of the District-Attorney.
We think that the reasons advanced by the Judge, in support of his ruling, are untenable, and that he erred in excluding the testimony. It is true, as contended by the District Judge, that Section 1010, E. S., directs that in preliminary examinations, the depositions of the State witnesses alone are to bo taken down in writing ; but it is equally true, that in this State, the forms of indictment, the method of trial, rules of evidence, and all other proceedings in the prosecution of crimes, must be acccording to the common law of England, as it existed in 1805, unless otherwise provided. 33 An. 1332, State vs. McNeil. Now, under the common law, criminal jurisprudence has firmly established the right of the accused to be defended by counsel, and to have his witnesses heard at the preliminary examination of the offense charged against him. And under provisions of the law of England, directing that the testimony of witnesses against the accused at a preliminary examination, be reduced to writing, it has been held that the “ Justice ought to take, and certify as well the information, proof and evidence, which tend in favor of the prisoner, as thosewhich are brought forward against him.” Chitty’s Criminal Law, Yol. 1, pp. 60 and 64.
In keeping with these rules, this Court admitted in evidence the testimony of a witness taken in writing at the coroner’s inquest, in favor of the accused ; the witness having died before the trial before the jury. State vs. McNeil, 33 An. 1332, and authorities therein cited.
In the present case, the witness being shown to be out of the State, and, therefore, not within the process of the Court, the same reason existed for the admissibility of the testimony of the witness taken down in writing at the preliminary examination.
The accused had foreseen the possibility of the death, or of the absence of that witness, at the time of his trial, and had given full and fair knowledge of the facts, which made his anticipated absence probable, to the State’s Attorney; and had, in view of such emergency, moved that his testimony be taken in writing and preserved,
No attempt -was made by the State to show that the accused could, by due diligence, have procured the attendance of his non-resident *1041 witness j and it is well settled, that the absence of such a witness would not have been a good ground for a continuance. State vs. Nicholson, 14'An. 798. We find no force in the reason of the District Judge, that the testimony should have been excluded, because the cross-examination had not been reduced to writing. It was within the power, and it was manifestly the duty of the Judge, to have overruled tlie unfounded objection of the District Attorney to the writing of the witness’ testimony under the cross-examination, and the accused cannot be deprived of his legal testimony by the course pursued by the District Attorney and by the Judge.
Under the peculiar circumstances of this case, the excluded testimony was undoubtedly admissible, and the accused has been injured by its rejection.
It is, therefore, ordered, that the verdict of the jury be set aside, and the judgment appealed from annulled and reversed -, and it is now ordered, that this cause be remanded to the District Court for trial according to law, and to the views herein expressed.